# IN THE COURT OF APPEALS OF IOWA

No. 20-1052
Filed September 1, 2021

**NEW COOPERATIVE, INC.,**
    Plaintiff-Appellee,

**vs.**

**LEE CLEMON,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Monona County, Zachary Hindman,

Judge.


Lee Clemon appeals a district court summary judgment ruling in favor of

NEW Cooperative, Inc. **AFFIRMED.**


Craig H. Lane of Craig H. Lane, P.C., Sioux City, for appellant.

Ryan Stefani of Nyemaster Goode, P.C., Des Moines, for appellee.


Considered by Bower, C.J., and Tabor and Ahlers, JJ.

**BOWER, Chief Judge.**

Lee Clemon appeals the district court ruling on summary judgment awarding a monetary judgment plus interest to NEW Cooperative, Inc. (NEW). We find no error in the district court's application of law and affirm.

## I. Background Facts & Proceedings.

In 2018, Clemon purchased goods and services relating to the application of chemicals to farmland, for a sum of $15,638.27. NEW added a monthly finance charge every month to Clemon's balance. Clemon did not pay his account, and on September 16, 2019, NEW filed a petition to collect on the account, asserting a current balance of $18,697.88 plus finance charges of $261.69 per month. NEW's petition included a statement of Clemon's account as an exhibit.

On May 27, 2020, NEW filed a motion for summary judgment. As evidence in support of its motion, NEW submitted an affidavit from its credit manager stating the balance owed as of May 26 was $21,576.47 with an interest rate of 19.8 percent per year.

On July 8, Clemon filed "Genuine issues of material facts to deny motion for summary judgment."[1] In this filing, Clemon disputed certain facts including receipt of all goods and services stated on the petition's exhibit, protested the lack of accounting provided to reach the balance owed, challenged the petition statement regarding the monthly finance charges, and denied owing any accrued finance

---

[1] NEW sought to strike the filing as an untimely resistance under Iowa Rule of Civil Procedure 1.981(3), which requires a resistance be filed within fifteen days from service of the motion. The court did not strike the filing, noting it "is not a resistance in the traditional sense, as contemplated by Rule 1.981(3)" as it was not supported by affidavits and did not generate a disputed issue of material fact by citation to summary judgment evidence.

charges. Clemon did not file a formal resistance to the motion for summary judgment and provided no evidence or affidavit to support his factual disputes.

On July 14, in a thorough ruling, the district court granted NEW summary judgment. The court noted Clemon's claim on receipt of goods and services was directly contrary to an admission in his answer.[2] The court explained the requirements in a summary judgment motion, elements NEW needed to establish to recover on the open account, and the requirements of a response to an open-account claim. The court then examined the evidence before it—the affidavit from NEW's credit manager and the itemized account statement from the petition—and noted Clemon had not produced an affidavit or other competent evidence to support his denial. Based on the record before it, the court found NEW was entitled to judgment as a matter of law.

Clemon appeals, contending there were genuine issues of material fact.[3]

**II. Standard of Review.**

> We review summary judgment rulings for correction of errors at law. We review the summary judgment record in the light most favorable to the nonmoving party, considering on behalf of the nonmoving party every legitimate inference that can be reasonably deduced from the record. Our review is limited to whether a genuine issue of material fact exists and whether the district court correctly applied the law.

---

[2] NEW's petition alleged, "5. That the Plaintiff provided to Defendant all of the goods and services set forth." Clemon's answer stated, "5. Defendant admits to the claims made in Paragraph 5 of the filed Petition."

[3] On September 10, Clemon sought district court approval of a "statement of evidence" pursuant to Iowa Rule of Appellate Procedure 6.806. The statement consisted of an affidavit from Clemon and text messages that may have supported a resistance to summary judgment and created a question of material fact if filed in a timely manner. The district court denied the motion, noting a party may not use a rule 6.806 statement to include evidence not before the court when the summary judgment ruling was submitted. The supreme court then directed the statement not be considered on appeal.

*Homeland Energy Sols., LLC v. Retterath*, 938 N.W.2d 664, 683 (Iowa 2020) (edited for readability) (citations omitted).

### III. Analysis.

In summary judgment, if the moving party supported their motion with affidavits and other evidence referred to in the rule, the Iowa Rules of Civil Procedure instruct that the nonmoving party

> may not rest upon the mere allegations or denials in the pleadings, but the response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered.

Iowa R. Civ. P. 1.981(5).

Clemon contends genuine issues of material fact remain and NEW did not carry its burden to establish summary judgment was appropriate. We disagree.

NEW supported its motion with an affidavit and the itemized account statement. Clemon did not timely submit supporting affidavits or other evidence in resistance, admitted one of his challenged items in his answer, and only provided the court with unsupported denials in his pleadings. In short, Clemon provided the court with nothing it could use to find summary judgment was *not* appropriate.

Given the record before the court, we find no error in the district court's application of the law. We therefore affirm without further opinion. *See* Iowa Ct. R. 21.26(1)(d)–(e).

**AFFIRMED.**